

## NAILAH K. BYRD
## CUYAHOGA COUNTY CLERK OF COURTS
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed: COMPLAINT**
**June 17, 2026 07:59**

By: ZIAD TAYEH 0088027

Confirmation Nbr. 3887185

3916 EAST 123RD MEAT, INC.                          CV 26 140849

    vs.

**Judge:**  JOHN J. RUSSO

SPINNAKER INSURANCE COMPANY, ET AL.

**Pages Filed:**  6

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

**3916 EAST 123RD MEAT, INC.**
c/o Elias Tayeh
18687 Hilliard Blvd
Rocky River, OH 44116, US

    Plaintiff,

v.

**SPINNAKER INSURANCE
COMPANY**
1 Pluckemin Way, Suite 102
Bedminster, NJ 07921

and

**COTERIE INSURANCE AGENCY,
LLC**
c/o Corporation Service Company
1160 Dublin Road, Suite 400
Columbus, OH 43215

    Defendants.

CASE NO:

JUDGE:

**COMPLAINT**
(with jury demand)

Now comes Plaintiff 3916 EAST 123rd Meat, Inc. ("Plaintiff"), by and through undersigned counsel, and for its Complaint, state and allege as follows:

### THE PARTIES

1. Plaintiff is an Ohio corporation that, at all relevant times herein, operated a convenience store at 3916 E. 123rd St, Cleveland, OH 44105.

2. Defendant Spinnaker Insurance Company is an insurance company authorized to issue insurance policies covering risks located in Ohio.

1

Electronically Filed 06/17/2026 07:59 / / CV 26 140849 / Confirmation Nbr. 3887185 / CLYM1
956174

3.  Defendant Coterie Insurance Agency, LLC, is an insurance company, claims administrator, managing general agent, adjuster, representative, or other authorized agent for Spinnaker Insurance Company in connection with the policy and claims at issue.

## JURISDICTION AND VENUE

4.  Jurisdiction and venue are proper, as Plaintiff alleges Ohio and common law claims. Moreover, the insured property is located in Cuyahoga County, Ohio, the losses occurred in Cuyahoga County, Ohio, and the claims handling at issue concerned property and losses located in Cuyahoga County, Ohio.

## FACTS

5.  Plaintiff obtained a policy of insurance from Defendants providing coverage for, among other things, machinery, equipment, inventory, business personal property, and related covered losses for the convenience store located at 3916 E. 123rd St, Cleveland, OH 44105.

6.  At all relevant times, the policy was in full force and effect and provided coverage for the insured premises and covered property.

7.  Plaintiff suffered covered theft losses on or about June 24, 2025, June 25, 2025, July 3, 2025, and August 22, 2025.

8.  The losses involved theft, damage, or loss of cash, machinery, equipment, inventory, business personal property, and other covered property.

9.  Such thefts are evidenced by substantial evidence, including photographs, police reports, and inventory records.

10. Plaintiff timely notified Defendants of the losses and submitted claims for coverage.

11. Plaintiff cooperated with Defendants' investigation and provided substantial documentation requested by Defendants.

12. Plaintiff provided records, documents, information, and proof relating to the covered losses, including documents concerning ownership, inventory, business personal property, equipment, machinery, and damages.

2

13. Despite receiving substantial documentation from Plaintiff, Defendants repeatedly claimed that they could not locate documents already provided by Plaintiff.

14. Defendants' failure to maintain, preserve, track, and consider documents submitted by Plaintiff prejudiced Plaintiff and interfered with the fair adjustment of the claims.

15. Defendants gave Plaintiff the runaround, delayed the claims process, failed to fairly evaluate the covered losses, and failed to extend a good faith settlement offer.

16. Defendants denied, delayed, limited, and/or refused coverage and failed to pay benefits owed under the policy.

17. Defendants' refusal to provide coverage was not reasonably justified.

18. Defendants knew that Plaintiff's claims involved covered losses under the policy.

19. Defendants failed to conduct a reasonable investigation based on all available information.

20. Defendants failed to give Plaintiff's interests equal consideration with their own.

21. As a direct and proximate result of Defendants' conduct, Plaintiff suffered substantial losses, including the loss of cash, inventory, equipment, machinery, business personal property, lost income, interruption of business operations, and ultimately the loss of its business.

## COUNT ONE: BREACH OF CONTRACT

22. Plaintiff incorporates all paragraphs of its Complaint into this Paragraph as if fully rewritten herein.

23. Plaintiff entered into a valid and enforceable insurance contract providing coverage for the losses described above.

24. Plaintiff performed all conditions precedent required under the policy, or such conditions were waived, excused, prevented, or rendered futile by Defendants' conduct.

25. Defendants breached the insurance contract by refusing to provide coverage, refusing to pay benefits owed, failing to properly adjust the claims, and failing to honor the policy.

26. As a result of said breach, Plaintiff suffered damages.

3

## COUNT TWO: BAD FAITH

27. Plaintiff incorporates all paragraphs of its Complaint into this Paragraph as if fully rewritten herein.

28. Defendants owed Plaintiff a duty to act in good faith in the investigation, handling, adjustment, evaluation, and payment of Plaintiff's insurance claims.

29. Defendants breached that duty by failing to conduct a reasonable investigation, failing to fairly evaluate the claims, failing to properly consider documents submitted by Plaintiff, claiming they could not locate documents provided by Plaintiff, delaying the claims process, giving Plaintiff the runaround, refusing to extend a good faith offer, and refusing to provide coverage without reasonable justification.

30. Defendants repeatedly requested documents that had already been produced.

31. Defendants failed to maintain an adequate claim file.

32. Defendants failed to reasonably evaluate the evidence submitted by Plaintiff.

33. Defendants sought to create unnecessary delay and burden in the adjustment process.

34. Defendants' conduct was arbitrary, unreasonable, unjustified, and in reckless disregard of Plaintiff's rights.

35. Defendants' conduct demonstrates conscious disregard for Plaintiff's rights and was characterized by bad faith, recklessness, actual malice, oppression, and fraud sufficient to support an award of punitive damages and attorney fees.

36. As a direct and proximate result of Defendants' bad faith, Plaintiff has suffered damages.

## COUNT THREE: DECLARATORY JUDGMENT

37. Plaintiff incorporates all paragraphs of its Complaint into this Paragraph as if fully rewritten herein.

38. An actual and justiciable controversy exists between Plaintiff and Defendants concerning the parties' rights, duties, and obligations under the policy of insurance at issue.

4

39. Plaintiff contends that the policy was in full force and effect at the time of the losses described herein.

40. Plaintiff contends that the theft losses described herein constitute covered losses under the policy.

41. Plaintiff contends that it complied with all conditions precedent required under the policy, or that such conditions were waived, excused, prevented, or rendered futile by Defendants' conduct.

42. Defendants have denied, delayed, limited, refused, and/or disputed coverage for Plaintiff's covered losses.

43. Plaintiff is entitled to a declaration that the policy provides coverage for the losses described herein.

44. Plaintiff is further entitled to a declaration that Defendants are obligated to adjust, evaluate, and pay Plaintiff's covered losses in accordance with the policy and Ohio law.

45. Pursuant to R.C. Chapter 2721, Plaintiff requests a declaration of the parties' rights, duties, and obligations under the policy, including a declaration that Defendants owe coverage and benefits for Plaintiff's losses.

**WHEREFORE**, Plaintiff prays for the following damages:

1. Compensatory and consequential damages in excess of $25,000;
2. Punitive damages and attorney fees;
3. Court costs;
4. Pre- and post-judgment interest;
5. A declaration that the policy provides coverage for Plaintiff's losses and that Defendants are obligated to adjust, evaluate, and pay covered benefits in accordance with the policy and Ohio law; and
6. Any other relief this Court deems fair and just.

5

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Respectfully submitted,

/s/Ziad Tayeh
Ziad Tayeh (0088027)
Tayeh Law Office, LLC
22255 Center Ridge Road, Suite 311
Rocky River, OH 44116
Phone: (440) 580-0365
Fax: (440) 359-8755
Email: info@Tayehlaw.com
Attorney for Plaintiff

6

# THE COURT OF COMMON PLEAS, CIVIL DIVISION
# CUYAHOGA COUNTY, OHIO
### Clerk of Courts | The Justice Center | 1200 Ontario Street 1st Floor, Cleveland, Ohio 44113

3916 EAST 123RD MEAT, INC.
**Plaintiff**

**V.**

SPINNAKER INSURANCE COMPANY, ET AL.
**Defendant**

**CASE NO.** CV26140849

**JUDGE** JOHN J RUSSO

# SUMMONS  SUMC  CM

**Notice ID:** 61062018

| From: | 3916 EAST 123RD MEAT, INC. | P1 |
| | 18687 HILLIARD BLVD | |
| | ROCKY RIVER OH 44116 | |

| Atty.: | ZIAD TAYEH |
| | 22255 CENTER RIDGE ROAD |
| | SUITE 311 |
| | ROCKY RIVER, OH 44116-0000 |

| To: | SPINNAKER INSURANCE COMPANY | D1 |
| | 1 PLUCKEMIN WAY, SUITE 102 | |
| | BEDMINSTER NJ 07921 | |

### NOTICE TO THE DEFENDANT:

The Plaintiff has filed a lawsuit against you in this Court. You are named as a defendant. A copy of the **Complaint** is attached.

If you wish to respond to the Complaint, you must deliver a written **Answer** to the Plaintiff's attorney (or the Plaintiff if not represented by an attorney) at the above address *within 28 days* after receiving this Summons (not counting the day you received it). A letter or a phone call will not protect you. Civil Rule 5 explains the ways that you may deliver the **Answer** (http://www.supremecourt.ohio.gov/LegalResources/Rules/civil/CivilProcedure.pdf)

You must also file a copy of your **Answer** with this Court within 3 days *after* you serve it on the Plaintiff. You can file your **Answer** with the Clerk of Courts by one of the following methods: 1) In-person or by mail at the above address or 2) electronically through the online e-Filing system. For more information on using the e-Filing system, visit http://coc.cuyahogacounty.gov/en-US/efiling.aspx.

If you fail to serve *and* file your **Answer**, you will lose valuable rights. The Court will decide the case in favor of the Plaintiff and grant the relief requested in the **Complaint** by entering a default judgment against you.

You may wish to hire an attorney to represent you. Because this is a civil lawsuit, the Court cannot appoint an attorney for you. If you need help finding a lawyer, contact a local bar association and request assistance.



**Nailah K. Byrd**
**Clerk of Court of Common Pleas**
**216-443-7950**

*Eric D. Vogt*

**Date Sent:** 06/25/2026

**By**_____
**Deputy**

CMSN130

956174

# THE COURT OF COMMON PLEAS, CIVIL DIVISION
# CUYAHOGA COUNTY, OHIO

Clerk of Courts | The Justice Center | 1200 Ontario Street 1st Floor, Cleveland, Ohio 44113

3916 EAST 123RD MEAT, INC.
**Plaintiff**

V.

SPINNAKER INSURANCE COMPANY, ET AL.
**Defendant**

**CASE NO.** CV26140849

**JUDGE** JOHN J RUSSO

# SUMMONS  SUMC  CM

**Notice ID:** 61062019

| From: | 3916 EAST 123RD MEAT, INC. | P1 |
| | 18687 HILLIARD BLVD | |
| | ROCKY RIVER OH 44116 | |

| Atty.: | ZIAD TAYEH |
| | 22255 CENTER RIDGE ROAD |
| | SUITE 311 |
| | ROCKY RIVER, OH 44116-0000 |

| To: | COTERIE INSURANCE AGENCY, LLC | D2 |
| | 1160 DUBLIN ROAD, SUITE 400 | |
| | COLUMBUS OH 43215 | |

### NOTICE TO THE DEFENDANT:

The Plaintiff has filed a lawsuit against you in this Court. You are named as a defendant. A copy of the **Complaint** is attached.

If you wish to respond to the Complaint, you must deliver a written **Answer** to the Plaintiff's attorney (or the Plaintiff if not represented by an attorney) at the above address *within 28 days* after receiving this Summons (not counting the day you received it). A letter or a phone call will not protect you. Civil Rule 5 explains the ways that you may deliver the **Answer** (http://www.supremecourt.ohio.gov/LegalResources/Rules/civil/CivilProcedure.pdf)

You must also file a copy of your **Answer** with this Court within 3 days *after* you serve it on the Plaintiff.  You can file your **Answer** with the Clerk of Courts by one of the following methods: 1) In-person or by mail at the above address or 2) electronically through the online e-Filing system. For more information on using the e-Filing system, visit http://coc.cuyahogacounty.gov/en-US/efiling.aspx.

If you fail to serve *and* file your **Answer**, you will lose valuable rights. The Court will decide the case in favor of the Plaintiff and grant the relief requested in the **Complaint** by entering a default judgment against you.

You may wish to hire an attorney to represent you. Because this is a civil lawsuit, the Court cannot appoint an attorney for you. If you need help finding a lawyer, contact a local bar association and request assistance.



**Nailah K. Byrd**
**Clerk of Court of Common Pleas**
**216-443-7950**

Date Sent: 06/25/2026

By _____
**Deputy**

CMSN130

956174



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

# Court of Common Pleas

**REQUEST FOR SERVICE**
**July 8, 2026 15:00**

By: ZIAD TAYEH 0088027

Confirmation Nbr. 3907786

3916 EAST 123RD MEAT, INC.                    CV 26 140849

      vs.

**Judge:** JOHN J. RUSSO

SPINNAKER INSURANCE COMPANY, ET AL.

**Pages Filed:** 8



# Common Pleas Court of Cuyahoga County, Ohio
## Nailah K. Byrd, Clerk of Courts

# INSTRUCTIONS FOR SERVICE

3916 EAST 123RD MEAT, INC.,

Plaintiff(s)

Case Number  CV-26-140849

Judge:  JOHN J RUSSO

Vs.

SPINNAKER INSURANCE COMPANY, ET AL.,     Date: 07/08/2026

Defendants(s)

Method of Service Requested:

Certified Mail Service ☑ Ordinary Mail Service ☐

Personal Service by the Sheriff of _____ County ___

Residence Service by the Sheriff of _____ County ___

Personal Service By Process Server ____

Residence Service by Process Server ____

Civ.R. 4.7 Waiver Requested ____

Name(s) and Address(es) of Parties to Serve:

SPINNAKER INSURANCE COMPANY

200 East Gaines Street

Tallahassee, FL 32314-6200

Additional Instructions:

Please serve the attached Plaintiff's Complaint.

Filing Party Name: Ziad Tayeh, Esq.,  Supreme Court ID if applicable: 0088027
                   counsel for Plaintiff

Phone Number:  440-580-0365

*For Use by Sheriff or Process Server Only*

Number of Service Attempts: _____

Address for Service if Different from address included above: _____



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed: COMPLAINT**
**June 17, 2026 07:59**

By: ZIAD TAYEH 0088027

Confirmation Nbr. 3887185

3916 EAST 123RD MEAT, INC.                                CV 26 140849

     vs.

                                **Judge:**  JOHN J. RUSSO

SPINNAKER INSURANCE COMPANY, ET AL.

**Pages Filed:**  6

**IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO**

**3916 EAST 123RD MEAT, INC.**
c/o Elias Tayeh
18687 Hilliard Blvd
Rocky River, OH 44116, US

                Plaintiff,

v.

**SPINNAKER INSURANCE
COMPANY**
1 Pluckemin Way, Suite 102
Bedminster, NJ 07921

and

**COTERIE INSURANCE AGENCY,
LLC**
c/o Corporation Service Company
1160 Dublin Road, Suite 400
Columbus, OH 43215

                Defendants.

CASE NO:

JUDGE:

**COMPLAINT**
(with jury demand)

Now comes Plaintiff 3916 EAST 123rd Meat, Inc. ("Plaintiff"), by and through undersigned counsel, and for its Complaint, state and allege as follows:

**THE PARTIES**

1.  Plaintiff is an Ohio corporation that, at all relevant times herein, operated a convenience store at 3916 E. 123rd St, Cleveland, OH 44105.

2.  Defendant Spinnaker Insurance Company is an insurance company authorized to issue insurance policies covering risks located in Ohio.

1

Electronically Filed 06/08/2026 05:59 / SERVICE 40342 Confirmation Nbr. 3887185./39D7766 / CLCMF
956174

3. Defendant Coterie Insurance Agency, LLC, is an insurance company, claims administrator, managing general agent, adjuster, representative, or other authorized agent for Spinnaker Insurance Company in connection with the policy and claims at issue.

## JURISDICTION AND VENUE

4. Jurisdiction and venue are proper, as Plaintiff alleges Ohio and common law claims. Moreover, the insured property is located in Cuyahoga County, Ohio, the losses occurred in Cuyahoga County, Ohio, and the claims handling at issue concerned property and losses located in Cuyahoga County, Ohio.

## FACTS

5. Plaintiff obtained a policy of insurance from Defendants providing coverage for, among other things, machinery, equipment, inventory, business personal property, and related covered losses for the convenience store located at 3916 E. 123rd St, Cleveland, OH 44105.

6. At all relevant times, the policy was in full force and effect and provided coverage for the insured premises and covered property.

7. Plaintiff suffered covered theft losses on or about June 24, 2025, June 25, 2025, July 3, 2025, and August 22, 2025.

8. The losses involved theft, damage, or loss of cash, machinery, equipment, inventory, business personal property, and other covered property.

9. Such thefts are evidenced by substantial evidence, including photographs, police reports, and inventory records.

10. Plaintiff timely notified Defendants of the losses and submitted claims for coverage.

11. Plaintiff cooperated with Defendants' investigation and provided substantial documentation requested by Defendants.

12. Plaintiff provided records, documents, information, and proof relating to the covered losses, including documents concerning ownership, inventory, business personal property, equipment, machinery, and damages.

2

13. Despite receiving substantial documentation from Plaintiff, Defendants repeatedly claimed that they could not locate documents already provided by Plaintiff.

14. Defendants' failure to maintain, preserve, track, and consider documents submitted by Plaintiff prejudiced Plaintiff and interfered with the fair adjustment of the claims.

15. Defendants gave Plaintiff the runaround, delayed the claims process, failed to fairly evaluate the covered losses, and failed to extend a good faith settlement offer.

16. Defendants denied, delayed, limited, and/or refused coverage and failed to pay benefits owed under the policy.

17. Defendants' refusal to provide coverage was not reasonably justified.

18. Defendants knew that Plaintiff's claims involved covered losses under the policy.

19. Defendants failed to conduct a reasonable investigation based on all available information.

20. Defendants failed to give Plaintiff's interests equal consideration with their own.

21. As a direct and proximate result of Defendants' conduct, Plaintiff suffered substantial losses, including the loss of cash, inventory, equipment, machinery, business personal property, lost income, interruption of business operations, and ultimately the loss of its business.

## COUNT ONE: BREACH OF CONTRACT

22. Plaintiff incorporates all paragraphs of its Complaint into this Paragraph as if fully rewritten herein.

23. Plaintiff entered into a valid and enforceable insurance contract providing coverage for the losses described above.

24. Plaintiff performed all conditions precedent required under the policy, or such conditions were waived, excused, prevented, or rendered futile by Defendants' conduct.

25. Defendants breached the insurance contract by refusing to provide coverage, refusing to pay benefits owed, failing to properly adjust the claims, and failing to honor the policy.

26. As a result of said breach, Plaintiff suffered damages.

3

## COUNT TWO: BAD FAITH

27. Plaintiff incorporates all paragraphs of its Complaint into this Paragraph as if fully rewritten herein.

28. Defendants owed Plaintiff a duty to act in good faith in the investigation, handling, adjustment, evaluation, and payment of Plaintiff's insurance claims.

29. Defendants breached that duty by failing to conduct a reasonable investigation, failing to fairly evaluate the claims, failing to properly consider documents submitted by Plaintiff, claiming they could not locate documents provided by Plaintiff, delaying the claims process, giving Plaintiff the runaround, refusing to extend a good faith offer, and refusing to provide coverage without reasonable justification.

30. Defendants repeatedly requested documents that had already been produced.

31. Defendants failed to maintain an adequate claim file.

32. Defendants failed to reasonably evaluate the evidence submitted by Plaintiff.

33. Defendants sought to create unnecessary delay and burden in the adjustment process.

34. Defendants' conduct was arbitrary, unreasonable, unjustified, and in reckless disregard of Plaintiff's rights.

35. Defendants' conduct demonstrates conscious disregard for Plaintiff's rights and was characterized by bad faith, recklessness, actual malice, oppression, and fraud sufficient to support an award of punitive damages and attorney fees.

36. As a direct and proximate result of Defendants' bad faith, Plaintiff has suffered damages.

## COUNT THREE: DECLARATORY JUDGMENT

37. Plaintiff incorporates all paragraphs of its Complaint into this Paragraph as if fully rewritten herein.

38. An actual and justiciable controversy exists between Plaintiff and Defendants concerning the parties' rights, duties, and obligations under the policy of insurance at issue.

Electronically Filed 06/08/2026 05:59 / SERVICE 40349 26 Confirmation Number 3887185 / 90776 / CLCMF
956174

39. Plaintiff contends that the policy was in full force and effect at the time of the losses described herein.

40. Plaintiff contends that the theft losses described herein constitute covered losses under the policy.

41. Plaintiff contends that it complied with all conditions precedent required under the policy, or that such conditions were waived, excused, prevented, or rendered futile by Defendants' conduct.

42. Defendants have denied, delayed, limited, refused, and/or disputed coverage for Plaintiff's covered losses.

43. Plaintiff is entitled to a declaration that the policy provides coverage for the losses described herein.

44. Plaintiff is further entitled to a declaration that Defendants are obligated to adjust, evaluate, and pay Plaintiff's covered losses in accordance with the policy and Ohio law.

45. Pursuant to R.C. Chapter 2721, Plaintiff requests a declaration of the parties' rights, duties, and obligations under the policy, including a declaration that Defendants owe coverage and benefits for Plaintiff's losses.

**WHEREFORE**, Plaintiff prays for the following damages:

1. Compensatory and consequential damages in excess of $25,000;
2. Punitive damages and attorney fees;
3. Court costs;
4. Pre- and post-judgment interest;
5. A declaration that the policy provides coverage for Plaintiff's losses and that Defendants are obligated to adjust, evaluate, and pay covered benefits in accordance with the policy and Ohio law; and
6. Any other relief this Court deems fair and just.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.


Respectfully submitted,

/s/Ziad Tayeh
Ziad Tayeh (0088027)
Tayeh Law Office, LLC
22255 Center Ridge Road, Suite 311
Rocky River, OH 44116
Phone: (440) 580-0365
Fax: (440) 359-8755
Email: info@Tayehlaw.com
Attorney for Plaintiff

6

# THE COURT OF COMMON PLEAS, CIVIL DIVISION
## CUYAHOGA COUNTY, OHIO
Clerk of Courts | The Justice Center | 1200 Ontario Street 1st Floor, Cleveland, Ohio 44113

<u>3916 EAST 123RD MEAT, INC.</u>
**Plaintiff**

V.

<u>SPINNAKER INSURANCE COMPANY, ET AL.</u>
**Defendant**

**CASE NO.** CV26140849

**JUDGE** JOHN J RUSSO

# SUMMONS SUMC CM

**Notice ID:** 61229091

| From: | 3916 EAST 123RD MEAT, INC. | P1 |
| | 18687 HILLIARD BLVD | |
| | ROCKY RIVER OH 44116 | |

| Atty.: | ZIAD TAYEH |
| | 22255 CENTER RIDGE ROAD |
| | SUITE 311 |
| | ROCKY RIVER, OH 44116-0000 |

| To: | SPINNAKER INSURANCE COMPANY | D1 |
| | 200 EAST GAINES STREET | |
| | TALLAHASSEE FL 32314-0000 | |

## NOTICE TO THE DEFENDANT:

The Plaintiff has filed a lawsuit against you in this Court. You are named as a defendant. A copy of the **Complaint** is attached.

If you wish to respond to the Complaint, you must deliver a written **Answer** to the Plaintiff's attorney (or the Plaintiff if not represented by an attorney) at the above address *within 28 days* after receiving this Summons (not counting the day you received it). A letter or a phone call will not protect you. Civil Rule 5 explains the ways that you may deliver the **Answer** (http://www.supremecourt.ohio.gov/LegalResources/Rules/civil/CivilProcedure.pdf)

You must also file a copy of your **Answer** with this Court within 3 days *after* you serve it on the Plaintiff.  You can file your **Answer** with the Clerk of Courts by one of the following methods: 1) In-person or by mail at the above address or 2) electronically through the online e-Filing system. For more information on using the e-Filing system, visit http://coc.cuyahogacounty.gov/en-US/efiling.aspx.

If you fail to serve *and* file your **Answer**, you will lose valuable rights. The Court will decide the case in favor of the Plaintiff and grant the relief requested in the **Complaint** by entering a default judgment against you.

You may wish to hire an attorney to represent you. Because this is a civil lawsuit, the Court cannot appoint an attorney for you. If you need help finding a lawyer, contact a local bar association and request assistance.



**Nailah K. Byrd**
**Clerk of Court of Common Pleas**
**216-443-7950**

**Date Sent:** <u>07/09/2026</u>

By_____
**Deputy**

CMSN130

956174



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

# Court of Common Pleas

**STIPULATION FOR LEAVE TO PLEAD**
**July 26, 2026 13:36**

By: CRYSTAL LYNN MALUCHNIK 0077875

Confirmation Nbr. 3925420

3916 EAST 123RD MEAT, INC.                                   CV 26 140849

    vs.

SPINNAKER INSURANCE COMPANY, ET AL.          **Judge:**  JOHN J. RUSSO

**Pages Filed:**  2

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| 3916 EAST 123rd MEAT, INC. | ) | CASE NO. CV 26 140849 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN J. RUSSO |
| | ) | |
| v. | ) | **STIPULATION  FOR  LEAVE  TO  MOVE,** |
| | ) | **PLEAD,  OR  OTHERWISE  RESPOND  TO** |
| SPINNAKER INSURANCE COMPANY, | ) | **PLAINTIFF'S COMPLAINT** |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Counsel for Plaintiff 3916 East 123rd Meat, Inc. and Defendant Coterie Insurance Agency,

LLC do hereby stipulate that Defendant Coterie Insurance Agency shall have a 28 day extension,

up to and including August 25, 2026, in which to move, plead, or otherwise respond to Plaintiff's

Complaint.  No previous extension has been requested.

Respectfully submitted,
*/s/ Crystal L. Maluchnik*
STEVEN G. JANIK (0021934)
CRYSTAL L. MALUCHNIK (0077875)
JANIK L.L.P.
9200 South Hills Blvd., Suite 145
[Mail:  P.O. Box 470550, Cleveland, Ohio 44147]
Cleveland, Ohio 44147
(440) 838-7600 * Fax (440) 838-7601
steven.janik@janiklaw.com
crystal.maluchnik@janiklaw.com

*Attorneys for Defendant Coterie Insurance Agency,
LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on July 26, 2026 a copy of the foregoing was filed electronically.

Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Parties may access this filing through the Court's electronic filing system.

/s/ Crystal L. Maluchnik
One of the Attorneys for Defendant Coterie
Insurance Agency, LLC